TEIPNER, Appellant, vs. TEIPNER, Respondent.
SAME, Respondent, vs. SAME, Appellant.

*March 31—April 17, 1908.*

*Pleading: Amendment: Changing theory of action: Partnership: Accounting: When impracticable: Partner's neglect of firm business.*

1. Where a complaint in an action for an accounting between partners proceeded upon the theory of the existence of a partnership from a specified date and all the evidence and the conduct of the parties accorded with such theory, an amendment offered by plaintiff after all the evidence was received, to the effect that the partnership was dissolved on such date, was properly denied, especially since if the amendment were permitted it would bring the cause of action within the bar of the statute of limitations.

2. In an action for an accounting between partners there were no books of account of the firm business, nor, through its entire existence, of the moneys received and disbursed, nor any accurate or intelligent account of any part of the business for any period. There was no balance or statement of the firm's affairs or of the accounts of each partner with the firm. Each member used the partnership funds for his individual needs as occasion required, and all partnership funds not so appropri-

ated were applied on firm obligations. Both partners approved of and acquiesced in this method of conducting the partnership affairs. *Held*, that acquiescence in such a course of business amounted to an agreement to conduct both their partnership and individual transactions upon a basis of mutual trust, and operated to preclude either of them from insisting upon a partnership accounting, each partner being limited to demanding that the partnership be dissolved and that he be awarded his share of the assets after payment of existing liabilities and the expenses involved in the proceeding.

3. In such an action no charge could be made by one partner against the other for failure to give his time and attention to the firm business nor for individual property supplied for firm purposes.

4. Where a partnership accounting is impracticable because of the confused condition or lack of partnership accounts, the partners having by their conduct impliedly consented to conduct the business without an accounting, a report of the referee as an approximation to an accounting may be made the basis for the distribution of the firm assets, although it cannot stand as an account.

APPEALS from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

An action for a partnership accounting. The action having been referred to a referee to hear, try, and determine the issues, he reported the evidence taken and his findings of fact and conclusions of law. Among the facts found by the referee which are essential to determine the questions on this appeal are the following: In December, 1879, the plaintiff and the defendant by a parol agreement formed a partnership under the name of Teipner Bros. Such partnership continued to the time of trial. Each partner contributed $800 and they were to share equally in the profits and losses. The firm conducted a hotel business in the city of Antigo and dealt in lands, timber, and horses. In the years from 1889 to 1892 disagreements arose between the partners, attributable to the conduct of both parties. In July, 1892, plaintiff brought an action against the defendant, alleging substantially the grounds for an accounting and dissolution of the

partnership averred in the present complaint, and to this defendant made answer, asking the same relief against plaintiff. That action was referred, but no trial was had of it, and in 1905 it was dismissed for want of prosecution. Thereafter this action was commenced. Plaintiff ceased to give the firm business his time and attention after July, 1892, but remained at the hotel for part of the time, retained a room there for his use, and had access to the books and the use of a part of the premises. The defendant has had sole management of the partnership business and affairs since 1892. From the time the partnership was formed defendant had the control and management of the financial affairs of the firm; buying all provisions and supplies, paying all bills, and having charge of the firm funds, which he deposited in a bank either in the firm name or his individual name, and disbursed for partnership purposes as occasion required. It was found that, aside from his personal expenses, defendant appropriated no portion of the firm property or assets to his use; that the partners by mutual consent lived at the hotel, used the money of the firm to defray their personal expenses, without making a charge thereof in any firm account and without either partner keeping an account thereof; and that both partners fully understood, assented to, and acquiesced in this use of partnership funds and of the failure to keep account of the partnership funds so applied to partnership and their personal expenses. The referee also found, and the court approved the finding, namely:

"That the firm never had a complete, accurate, or intelligent system of bookkeeping either of the hotel or outside deals. Only a partial account was kept of the disbursements and bills payable, and scarcely any account was kept of bills receivable or accounts with hotel guests and boarders and money received. No cash book was ever kept showing the amount of money received or taken in in the hotel business or outside deals for any day, month, year, or years; and no balance was ever struck or attempted to show the profits and

losses of the partnership business for any period of time. That no account or book was ever kept by the firm showing any account as between the individual members. That from the beginning of the copartnership business each individual member, as occasion required, took from the partnership funds such sums of money as he desired for his private and individual benefit, without charging himself with the amount so taken or keeping any account of it in reference to the partnership business or with his copartner. And such methods of transacting the financial affairs of the firm, dealing with the copartnership business and between themselves, was satisfactory and acquiesced in by each of the partners."

The referee also reported:

"The method and manner in which the copartnership did their financial business, their fragmentary system of bookkeeping, makes it impossible for me to even indulge in a presumption for or against either of them, as to a division, other than equal, of the profits of the business."

The referee made a statement of the partial accounts so far as there was evidence of them, both as to the receipts and the disbursements of the partnership. He also found and made a statement of the firm assets at the time of the trial and the value thereof. He found that defendant had not at that time any property of the firm in his possession, and that he had not appropriated any to his own use, and that defendant should not be allowed payment for products furnished from his farm and used in the hotel business. The referee reported charges against the defendant of certain sums of partnership funds, consisting of a certificate of $1,500 of firm money in the bank in 1892, receipts from the sale of horses, a wagon, and some pulp wood, a sum of $169.13 for taxes on firm real estate, and the sum of $633 paid on a personal bond. He also reported a charge against plaintiff in the sum of $2,520 as damages on account of his failure to give his time and attention to the business, and he concluded that the difference between the sums respectively charged against the two partners should first be paid

out of the partnership assets to plaintiff, and that the re-
mainder of the partnership assets should be equally divided
between the partners.

Both parties moved the court for modification of the ref-
eree's report in various particulars. The court denied the
motions, except that it modified the report by disallowing
the payment of $69.63 to plaintiff, and by directing that the
item of $169.13, taxes on firm property but charged to de-
fendant, should be first paid out of the firm assets. After
such payment and the payment of the compensation of the
referee and the receiver and other necessary expenses as ap-
proved by the court, the court directed that the remainder
of the firm assets should be equally divided and distributed
between the plaintiff and the defendant. This is an appeal
from such judgment.

For the plaintiff there were briefs by *Goodrick & Goodrick,*
and oral argument by *E. J. Goodrick* and *A. B. Goodrick.*

*H. F. Morson,* for the defendant.

SIEBECKER, J. Error is alleged on plaintiff's appeal upon
the court's denial of his motion to amend the complaint, after
all the evidence in the case had been received, to the effect
that the partnership was dissolved in 1892. This motion to
amend the complaint was an attempt to conform it to the
facts claimed to have been proved. The allegations of the
original complaint clearly assert the existence of the part-
nership and throughout all of its allegations recognizes it
as a fact. The existence of a partnership was not specifically
denied under oath in any subsequent stage of the pleadings.
It also appears from the evidence that the parties treated the
partnership as a subsisting one until the time of the trial.
Plaintiff's omission for the period of thirteen years to prose-
cute the action for a dissolution, his use as proprietor
throughout this period of the hotel as a living place, and his
treatment of the business and firm property as partnership

affairs show that he considered that the partnership had not been ended. The referee also found that plaintiff was not excluded from participation in the control of the partnership affairs, and that he exercised the right to inspect the business and defendant's management thereof at all times. The evidence is sufficient to sustain the referee and the court in these findings. We cannot say that the holding of the court is against the clear preponderance of the evidence on these matters. In view of these facts, the court's ruling denying plaintiff's application to amend the complaint was proper. Probably another good reason why the court so held on this motion is the fact that if the complaint were amended as requested it would bring the cause of action alleged within the bar of the statute of limitation. If the original complaint had contained such an allegation defendant would no doubt have availed himself of this statute, and have sought to defeat plaintiff's right to prosecute this action after it was barred by the statute of limitation, and the defendant could not justly be deprived of his right by allowing this amendment after the trial of the case had been practically completed.

The plaintiff urges that the court erred in charging plaintiff with the sum of $2,520 for failure to give any of his time and attention to the partnership business from 1892 to the time of trial, in disallowing him a balance of $69.63 which the referee found should first be paid to him out of the firm assets, and in denying a re-reference of the case. Consideration of these alleged errors involves consideration of the errors assigned by the defendant upon his appeal from the action of the court in not allowing him for the farm produce which he claims to have furnished for use in the hotel business, and in not reimbursing him for the amounts he claims to have paid out of his individual funds in defraying partnership obligations. An adjustment of these divers claims and rights cannot be made without an accounting of the

partnership affairs and the claims between the partnership and the members arising out of their individual dealings with the firm. An entry upon these fields of inquiry in this partnership enterprise is met by an array of obstacles that render ascertainment of the true condition of the partnership affairs impossible. As we have seen, there are no books of account of the business transactions of the firm nor, through its entire existence, of the moneys received and disbursed by the partners, nor is there an accurate or intelligent account of any part of the business for any year, month, or even a day. No balance or statement of the firm's business affairs or of the accounts of each partner with the firm was ever made or attempted. From the inception of the partnership each member used partnership funds for his individual needs as in his judgment occasion required. The referee found and the court held that, so far as shown by the evidence, all partnership funds not so appropriated to the individual use of the members were applied in payment of partnership obligations. This method of conducting the partnership affairs and of applying the moneys was approved and acquiesced in by both partners. Under the circumstances any attempt in this action to state an account would be futile, and would fail for want of sufficient evidence of the actual state of the partnership affairs. It appears that defendant attended to collecting, disbursing, and the handling of the moneys of the firm so far as they were applied to partnership uses. It also appears that plaintiff understood that no accounts were being kept of any of the financial transactions of the firm. Acquiescence in this method of conducting the firm's business by the members amounts to an agreement to conduct both their partnership and individual transactions with the partnership upon a basis of mutual trust and confidence, and operates to mutually preclude them from insisting on a partnership accounting or an accounting of matters arising out of the dealings of the members with the firm.

Each member of the firm is necessarily limited to demanding that the partnership be now dissolved, and that he be awarded his share of the partnership assets after payment of the existing liabilities and the expenses involved in this proceeding.

From this it results legally that no charge can be made against plaintiff for failure to give his time and attention to the firm business since 1892, that no claim can be asserted by defendant for the produce he claims to have furnished for use in the hotel; nor can he be charged with particular items of partnership funds which came into his hands. The evidence is sufficiently clear that defendant used his private funds in payment of partnership debts and expenses to an amount in excess of the amount of partnership funds he used in paying his private obligation on the Larzelier bond, and he has thus made full restitution to the firm of all firm moneys he originally used to discharge his obligation on this bond. The other items charged against him in the attempt to state an account are firm transactions and not properly claims against him, and must be treated as firm accounts.

Though the referee's statement of account as modified and affirmed by the court cannot stand as an accounting, yet the judgment entered, directing payment of the firm's liabilities and the expenses of this action as specified therein, and the distribution of the remaining assets equally between the partners, embodies the result of an adjustment of the partnership affairs upon the basis we have above indicated, and it therefore is the proper judgment in the case.

*By the Court.*—Judgment affirmed; neither party to recover costs in this court, the plaintiff to pay the clerk's fees.